## Case No. 8,402.

LITTLE GUNNELL CO. v. KIMBER et al.

[Morr. Min. Rights (4th Ed.) 65; 1 Morr. Min. Rep. 536.]

Circuit Court, D. Colorado. 1878.

MINES AND MINING—CLAIMS LOCATED BEFORE 1872—RELOCATIONS.

[1. Under the act of 1872 (17 Stat. 91) and its amendments, claimants of mines located before that date were required to do work of the value of $10 for each 100 feet, before January 1, 1875; and a failure therein operated as an abandonment, and rendered the claim subject to relocation by others, unless the original owner was then in possession, and had resumed work thereon.]

[2. The work required to be done before January 1, 1875, must have been done by the claimant or his agent, and work done by strangers could not inure to his benefit by reason of any purchase of such labor made by him after commencing suit to recover the claim.]

[3. Under the Colorado statute (Act 1874, § 16), a relocator may sink the original discovery shaft 10 feet deeper, or he may run a tunnel, an adit, a level, a drift, or any other kind of opening, provided it is a new one; but it is insufficient to run a tunnel into the claim from an old shaft upon an adjoining claim.]

[This was an action of ejectment brought by the Little Gunnell Gold Mining Company

against Kimber and others to recover possession of mining claims.]

L. C. Rockwell, for plaintiff.

G. B. Reed and Willard Teller, for defendants.

HALLETT, District Judge. This is an action of ejectment to recover the possession of claims Nos. 6 and 7, west from Discovery, in the Gunnell lode. Evidence has been introduced to prove that certain parties were in possession of one of the claims, and certain other parties were in possession of the other claims at different times since 1860, and that these parties conveyed to others who conveyed to plaintiff. I have not examined the conveyances which were put in evidence before you to see if they formed a perfect chain of title. That matter is for your consideration; and you will determine it on the evidence. If persons were in possession, working the claims, and they conveyed to others, who afterwards conveyed to plaintiff, so that plaintiff acquired whatever right such persons had, then, as the evidence stands in this case, the plaintiff is entitled to recover. Under the act of congress of 1872, claimants of mines located before the passage of that act were required to do work of the value of $10 annually for each 100 feet of the claims held by them. This act was twice amended, extending the time within which the first work could be done until Jan. 1, 1875. As these mines were located earlier than 1872, plaintiff, claiming to be the owner of them, was required to do work on them, of the value of twenty dollars, at least, before Jan. 1, 1875.

It is not pretended that the plaintiff did such work before Jan. 1, 1875, and the failure in that respect was such an abandonment of the claims, as authorized any one to go on the property and relocate it. In respect to that matter defendant's counsel have asked me to say, and it is quite correct to say, that if you find from the evidence that no work was done by the plaintiff on the property in controversy during the year 1874, then that such property on the 1st day of January, A. D. 1875, was abandoned and forfeited, and subject to the occupation and relocation on said 1st day of January, 1875, and that any person, a citizen of the United States, over the age of 21 years, had a legal right to enter into and occupy the same, on the said 1st day of January, A. D. 1875, unless the plaintiff was at that time in the possession and occupancy of the property, and had resumed work thereon. And so also it should be said that the work done under the statute must have been done by the plaintiff acting through its agents, and not by another whose right was purchased by plaintiff. On that point I give the instruction of defendants as asked, which is as follows:

The court instructed the jury that any work done upon the property in controversy during the year 1874, by Miller, Lynn and Gray, on their own account. and not at the instance of plaintiff, cannot inure to the benefit of plaintiff by virtue of any payment for or pretended purchase of such labor made by plaintiff after the commencement of this action. The failure to work the claims was not an absolute forfeiture of plaintiff's right to the property, if it had such right, prior to January 1, 1875, because the statute provides that an original locator or claimant may resume work at any time after failure to perform the work and before the claim has been relocated. Although this work may not have been done within the time fixed by law, the original locator or claimant may resume work, and thus regain his first estate, at any time before another has taken possession of the property with intent to relocate it.

It is the entry of a new claimant, with intent to relocate the property, and not mere lapse of time, that determines the right of the original claimant; and the new claimant must proceed with diligence under the statute in order to hold the property. Sixty days is allowed by law for sinking the original discovery shaft ten feet deep, or making a new opening to the crevice of some kind. If there is a discovery shaft on the claim, he may go into that and sink it ten feet deeper; but where, as in this case, there is no such shaft on the claim, he must make a new opening to the crevice ten feet or more in depth. He may run a tunnel, an adit, a level, a drift, or any other kind of opening, provided it is a new one. That is the proper construction of the 16th section of the act of the legislature of 1874 [Laws Colo. 189], which plainly declares that in relocating a claim the original discovery shaft shall be sunk ten feet deeper, or a new shaft shall be sunk.

In the case now submitted to you, the defendants went into a shaft on adjoining property, and ran a drift in the direction of the property in controversy prior to January 1, 1875. Perhaps they arrived at or near the claims in dispute about January 1, 1875, and went on with their drift through those claims during that month. This we hold is not sufficient to make a valid location under section 16 of the act of 1874. That act, as before stated, requires a new opening or shaft, when the old discovery shaft is not used, and this work was not of that character. Defendants had a right to perfect their location at any time within the ninety days given them by statute, and probably at any time before plaintiff should re-enter the property with intent to resume work. but they must have done everything required by statute, such as posting notice, fixing boundaries, sinking shaft or opening to the crevice, and everything necessary in order to secure against plaintiff's re-entry. Unless they did so, plaintiff had the right to re-enter, and upon doing the annual work required by law, it would become re-invested with its first estate. The entry of defendants on January 1, 1875, was legal and proper, but if they failed to per-

fect their location within ninety days, by sinking a shaft, erecting a location stake at such shaft, and recording the claim, as the statute requires, as against the plaintiff, their possession was wrongful from the time of entry. They have not been able to show that they complied with the law in respect to relocating the claims, and if plaintiff had good title prior to January 1, 1875, as before explained to you, and resumed work on the claims soon thereafter, and did work of the value of twenty dollars or more, you should find for the plaintiff. But you must believe from the evidence that the plaintiff did do such work, and that it had such title in order to return a verdict of that kind.

The jury returned a verdict for the plaintiff, on which judgment was entered.

---

LITTLEJOHN (CORNELL v.). See Case No. 3,238.

LITTLEJOHN, The (HART v.). See Case No. 6,153.

LITTLE RIVER COUNTY (KINSEY v.). See Case No. 7,829.

LITTLE ROCK (GILCHRIST v.). See Case No. 5,421.

LITTLE ROCK (MERCHANTS' NAT. BANK v.). See Case No. 9,445.

LITTLE ROCK & FT. S. R. CO. (STEACY v.). See Case No. 13,329.